## Albert Einstein Medical Center v. Bagley

*Anthony B. Agnew Jr.,* for plaintiff.
*Bartholomew J. McDermott Jr.,* for defendant.

GAFNI, *J.,* June 11, 1987 — On December 5, 1983, Bernice Bagley was admitted to Albert Einstein Medical Center as an inpatient. She received medical treatment for five days and was discharged on March 10, 1983. The hospital billed Mrs. Bagley

and her husband, Frank Bagley, for services rendered and, not having received payment, instituted this action in assumpsit. The sole issue for this court to determine is whether an action may be brought against a husband to recover the costs of medical care furnished to his wife.

Under the common-law doctrine of necessaries, "a·husband is under a legal duty to support his wife and·children, and where he neglects this duty, one who supplies necessaries for their support may recover their cost in an action under the common law." *Hamot Medical Center v. Fink,* 6 Fid. Rep. 2d 302, 303 (C.P. Crawford 1986).

In Pennsylvania, the doctrine of necessaries has been codified and appears in 48 P.S. §116. That statute provides in pertinent part:

"In all cases where debts may be contracted for necessaries for the support and maintenance of the family of any married woman, it shall be lawful for the creditor in such cases to institute suit against the husband and wife for the price of such necessaries, and after obtaining judgment, have an execution against the husband alone. . . ."

Section 116 clearly allows a creditor to bring suit against both a husband and his wife for debts of necessaries contracted for by a member of their family. Moreover, once a judgment has been rendered, the creditor can satisfy the debt by first executing upon the husband's property. The statute further provides that if the husband's assets are insufficient to satisfy the judgment, only then may execution be made against the wife's separate property.

Defendants contend that although section 116 has never been repealed, the statute has been rendered unconstitutional by the passage of the

Equal Rights Amendment, Pennsylvania Constitution, Article I, section 28, which states:

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of sex of the individual."*

Defendants argue that the ERA mandates that neither the husband nor wife be held accountable for debts contracted for by his or her spouse.

This court disagrees. The question of constitutionality arising from the statute's obvious bias against the husband and in favor of the wife has been answered by the legislature with the passage, in 1978, of 1 Pa.C.S. §2301 which provides in pertinent part:

"(a) In recognition of the adoption of section 28 of Article 1 of the Constitution of Pennsylvania (the ERA), it is hereby declared to be the intent of the general assembly that where in any statute heretofore enacted there is a designation restricted to a

---

* Concerning the effect of the ERA on the common law doctrine of necessaries, several common pleas courts have addressed the issue of whether the ERA requires a woman to be equally liable for her husband's necessaries (extending the common law right) or whether neither is liable for the debts of his or her spouse (negating the common law doctrine).

The majority of courts deciding the question have extended the doctrine to require that a wife be equally accountable for the debts of her husband. *Fink, supra; Park Avenue Hospital v. Klees,* 20 D.&C. 3d 124 (1981); *Albert Einstein Medical Center v. Gold,* 66 D.&C. 2d 347 (1974). In both *Fink* and *Klees,* the court also held that the spouse who incurs the necessaries is primarily liable with the other being secondarily liable for payment.

Only one decision, *Albert Einstein Medical Center v. Nathan,* 27 Fid. Rep. 561 (1977), has held that the ERA requires neither spouse to be responsible for the debts of the other.

None of the cases cited above considered the effect of the ERA on 48 P.S. §116. Consequently, they need not be discussed in detail since the instant matter is decided on statutory authority.

single sex, the designation shall be deemed to refer to both sexes unless the designation does not operate to deny or abridge equality of rights under the law of this commonwealth because of the sex of the individual."

With the passage of section 2301 the gender bias contained in 16 P.S. §116 has been eliminated. A creditor may still file suit against both a husband and his wife to collect debts of necessaries. That aspect of the statute has not been affected. However, in reading 48 P.S. §116 in conformity with 1 Pa. C.S. §2301, a creditor does not have to first attempt to satisfy his judgment out of the husband's assets before he can execute against a wife's separate property. Now, execution can initially be made against either the husband's or the wife's property. Accordingly, section 116 was not rendered unconstitutional by the ERA, but was modified by 1 Pa. C.S §2301 to meet constitutional standards of equality.

Based on the foregoing, suit may be brought against a husband to collect the costs of medical care provided to his wife. Accordingly, verdict will be entered against both defendants in the amount of $4,013, plus interest from the date of the breach.

